UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
American Friends of Yeshivat Ohr
Yerushalayim, Inc.,

04-CV-1798 (CPS)(RLM)

             Plaintiff,

MEMORANDUM

  - against -

OPINION
AND ORDER

United States,

             Defendant.

-----------------------------------X
SIFTON, Senior Judge.


    Plaintiff American Friends of Yeshivat Ohr Yerushalayim,

Inc. ("American Friends") commenced this action against the

United States on May 6, 2004, seeking the Court's review of a

determination by an officer of the Appeals Office of the Internal

Revenue Service (the "appeals officer")[1] sustaining the

assessment of late filing penalties relating to the American

Friends' Forms 990 for the tax years ending June 30, 2000, June

30, 2001, and June 30, 2002. American Friends does not dispute

that it filed its Form 990s late, but instead challenges the

denial of a request for an abatement. Defendant United States

argues that the appeals officer acted properly in rejecting the

plaintiff's appeal, and on that basis moves to affirm the

officer's decision and dismiss the plaintiff's complaint. For the

---

[1]Pursuant to the Restructuring and Reform Act of 1998, 26 U.S.C. §
6330(b)-(d), which guarantees the rights to a fair hearing, to have certain
matters considered at a hearing, and to request judicial review of an appeal's
officer's determination.

reasons stated herein, the defendant's motion is granted.


## BACKGROUND

The following facts are taken from parties' submissions in connection with this motion and the record of proceedings before the appeals officer.

*1. American Friends Structure and Records Keeping*

American Friends is a not-for-profit corporation that is exempt from taxation pursuant to Internal Revenue Code Section 501(c)(3). American Friends was created in 1993 to raise funds in the United States for Yeshivat Ohr Yerushalayim (the "Yeshivat"), a religious school located in Israel that offers a post high-school program for boys. Over 90% of the Yeshivat's students are from the United States. American Friends claims that it collects tuition payments for the Yeshivat from students in the United States and transfers these funds to the Yeshivat's bank account in Israel.

Until August 2000, the office of American Friends was located in New York City and its bookkeeper was Michelle Fishman, although her husband, Howard Fishman occasionally substituted for her.[2] The organization subsequently hired a new bookkeeper, Isabelle Kogan ("Kogan"), and relocated to Chicago, Illinois,

---

[2]Howard Fishman is the attorney representing American Friends in this proceeding.

where Kogan was located.[3] Kogan was responsible for receiving

tuition payments, paying disbursements, and maintaining the

corporation's financial records, among other responsibilities.

Shortly after the relocation, steps were taken to ship a large

number of American Friends' financial documents and files to the

new office in Chicago. However, they were never received and are

now considered lost by the organization.[4] These records included

---

[3]American Friends' accountant, Saul Strauss, submitted a brief to the IRS on behalf of American Friends stating that Harold Fishman was replaced for being uncooperative and less than diligent in completing financial statements in a timely manner. *See* Submission to IRS Appeals, Ex. E, p. 2-3.

[4]Representatives of American Friends have provided conflicting accounts of the cause and manner of the disappearance of the documents. In his submissions on behalf of American Friends to the IRS pertaining to the Collection Due Process hearing, accountant Strauss suggested that the fault for the loss of the documents lay with Harold Fishman, who was acting as bookkeeper at the time, who allegedly said he had mailed the boxes to Chicago when he had not. Strauss submission to IRS Appeals, Fishman Aff. Ex. E, at 3; Strauss letter to IRS settlement officer, dated March 17, 2004, Fishman Aff. Ex. G, at 1-2. Responses to government interrogatories in this proceeding that were signed by Fishman state that the files were lost because, although 40 boxes of files were properly shipped to Chicago, the new bookkeeper (Kogan) refused to receive half of them, which were sent back to New York and left on Michelle Fishman's front porch, during a time when she was away from home. Fishman Aff., Ex. I, p. 3-4, 16. When Ms. Fishman returned to the house, she found the boxes wet from rain and emitting an unpleasant odor, so she discarded them. *Id*. at 16. The interrogatory answers further assert that Kogan may have kept a number of the files until 2003, when she was fired, but Kogan has refused to cooperate with American Friends in any way in connection with this case. *Id*. at 12.
A similar dispute exists as to why American Friends' informational tax returns were filed late in 1996 and 1997. Strauss stated that he did not know why the returns were late filed, but indicated that he believed Fishman had been lax in his duties. Strauss Dep. at 34-36; Strauss letter to IRS, Fishman Aff. Ex. E, p. 2-3; Strauss letter to IRS settlement officer dated March 9, 2004, Fishman Aff. Ex. F, at 2. However, the answers to interrogatories prepared by Fishman as attorney to American Friends state that the 1996 return was filed late due to the fact that many files had suffered water damage from a flood in the Fishman home, and the 1997 return was filed late due to the fact that Mrs. Fishman was put on bed rest due to a high-risk pregnancy. Fishman Aff., Ex. I, at 15.
For the purposes of this motion, review of the appeals officer's decision is limited to the record before IRS Appeals (including the record created during the audit as discussed below), which included only the statements presented to the IRS by Strauss, who professed lack of knowledge as to the reason for the late-filed 1996 and 1997 returns but suggested that

records of cash receipts and cash disbursements.

American Friends did not timely file its 2000, 2001, or 2002

Forms 990.[5] American Friends claims that it was unable to timely

file its Form 990 for the tax period ending June 30, 2000 because

the financial records needed to file the return had been lost.

Saul Strauss, the accountant for American Friends, required

copies of bank statements for the organization in order to

reconstruct the financial records to facilitate preparation of

the return. American Friends asserts that it took Kogan several

months to obtain duplicate copies of its bank statements,

allegedly because the bank was not cooperative.[6] Strauss did not

receive the records until sometime in 2002. Once the records were

received, it took Strauss some time to reconstruct American

Friends' records for the Tax year ending June 3, 2000. Strauss

filed the 2000 return on August 25, 2002. American Friends claims

that Strauss was unable to prepare the Form 990 for the 2001 and

2002 until the 2000 return was completed. American Friends filed

_____

Fishman was at fault, and who stated that Fishman failed to properly transmit the financial files to Chicago. *See Pelliccio v. United States*, 253 F. Supp. 2d 258, 262 (D. Conn. 2003) (citing 26 U.S.C. § 6330(c)(3)).

[5]Forms 990 are due on or before the 15th day of the 5th months following the close of a tax-exempt organization's year end. *See* 26 U.S.C. § 6072(e). Since American Friends' year end was June 30, its Form 990 was due on or before November 15 of each year.

[6]American Friends states that its bank was located in Brooklyn, New York, whereas Kogan was in Chicago. Furthermore, Kogan did not have signing power in the accounts. As a result, American Friends was allegedly unable to obtain copies of bank statements until the individuals with signing power, who were all in Israel, first received copies of the statements from the bank. *See* Supplemental Response to Interrogatories, Response 2, Fishman Aff. Ex. I.

its Form 990 for the years 2001 and 2002 on February 11, 2003.

American Friends claims that, when Strauss prepared the Form 990s for 2000, 2001, and 2002, he did not distinguish between money received by American Friends in connection with its own activities in the United States and tuition money received on behalf of the Yeshivat. As a result, the income of American Friends was inflated on the Forms 990. Strauss estimated that 90% of the money received by American Friends was transferred to the Yeshivat as tuition payments. As of 2004, Strauss no longer lists the receipt of tuition payments on the American Friends Form 990s.

## 2. *IRS Proceedings Against American Friends*

The IRS assessed American Friends late filing penalties pursuant to 26 U.S.C. § 6652(c)(1)(A) for its failure to timely file its Form 990s.[7] The following penalties were assessed:

---

[7] 26 U.S.C. § 6652 describes the penalties to be imposed when an organization fails to file certain information returns and registration statements. The statute provides, in relevant part:
(c) Returns by exempt organizations and by certain trusts.
(1) Annual returns under section 6033(a)(1) or 6012(a)(6).
(A) Penalty on organization. In the case of-
  (i) a failure to file a return required under [26 U.S.C. § 6033(a)(1)] (relating to returns by exempt organizations)... on the date and in the manner prescribed therefor (determined with regard to any extension of time for filing)...
There shall be paid by the exempt organization $ 20 for each day during which such failure continues. The maximum penalty under this subparagraph on failures with respect to any 1 return shall not exceed the lesser of $ 10,000 or 5 percent of the gross receipts of the organization for the year. In the case of an organization having gross receipts exceeding $ 1,000,000 for any year, with respect to the return required under section [26 U.S.C. § 6033(a)(1)] or[26 U.S.C. § 6012(a)(6)] for such year, the first sentence of this subparagraph shall be applied by substituting "$ 100" for "$ 20" and, in lieu of applying the second sentence of this subparagraph, the maximum penalty under this subparagraph shall not exceed $ 50,000.

$50,000 for the tax year ending June 30, 2000, $24,100 for the tax year ending June 30, 2001, and $8,800 for the tax year ending June 30, 2002. At the time of the assessments, the IRS issued statutory notices of the assessments and made demands for payment of the amounts due for the 2000-2002 tax years. Because the Form 990s submitted by Strauss reflected annual revenue in excess of $1,000,000, American Friends was charged a penalty of $100 for each day the Form 990 was late, up to a maximum penalty of $50,000. 26 U.S.C. § 6652(c)(1)(A). Had the Yeshivat's tuition payments not been included in the income listed on the Form 990s, American Friends would have been assessed a penalty of $20 for each day late, up to a maximum of the lessor of $10,000 or 5 percent of the gross receipts for the year. *Id*.

In June 2003, American Friends requested an abatement of the late filing penalties, but received no response other than a Final Notice of Intent to Levy. American Friends timely requested a Collection Due Process Hearing, which took place on February 24, 2004. American Friends submitted proofs that it had a reasonable cause for its inability to timely file its Form 990 returns and that it had exercised ordinary business care and prudence. In its letter to the IRS, American Friends explained that it had fired its bookkeeper and moved to Chicago to work with a new bookkeeper, who never received the records from the old office and had to undertake a laborious and time consuming

process of recreating the financial records. *See* Affirmation of
Howard Fishman, Ex E, at 2-4.

On April 1, 2004, the IRS Appeals Office issued a Notice of
Determination ("Determination"), which sustained the IRS's
collection action.[8] The Determination stated that American
Friends was previously assessed late filing penalties for the
1996 and 1997 Forms 990, and asserted that American Friends'
explanation for the late filings in both cases was that the
bookkeeper failed to keep the necessary records. Based on this
premise, the appeals officer found that American Friends did not
exercise normal business care and prudence to ensure that the
previously negligent bookkeeper was keeping the records in order.
Regarding the request for an abatement, the Determination stated
that American Friends had been "recklessly indifferent" with

---

[8]In making a determination after a Collection Due Process Hearing, an
appeals officer must follow the provisions of 26 U.S.C. § 6330(c). This
section provides, in relevant part:
(c) Matters considered at hearing. In the case of any hearing conducted
under this section--
(1) Requirement of investigation. The appeals officer shall at the
hearing obtain verification from the Secretary that the
requirements of any applicable law or administrative procedure
have been met.
(2) Issues at hearing.
(A) In general. The person may raise at the hearing any
relevant issue relating to the unpaid tax or the proposed
levy...
...
(3) Basis for the determination. The determination by an appeals
officer under this subsection shall take into consideration--
(A) the verification presented under paragraph (1);
(B) the issues raised under paragraph (2); and
(C) whether any proposed collection action balances the need
for the efficient collection of taxes with the legitimate
concern of the person that any collection action be no more
intrusive than necessary.

regard to the timely filing of its returns. Govt. Ex. 4, at 4-5. The Determination noted that American Friends had not offered any alternatives to collection, and therefore the need for efficient collection of tax outweighed the interests of American Friends.

American Friends commenced this action on May 6, 2004. During discovery, American Friends allegedly realized that its gross receipts as reflected on its Forms 990 were overstated because they included tuition payments destined for the Yeshivat. American Friends submitted amended Forms 990 that showed revenues for the relevant years as follows: $85,714 in the tax period ending June 30, 2000; $212,652 for the tax period ending June 30, 2001; and $126,001 in the tax period ending June 30, 2002. On March 30, 2005, the parties stipulated to a conditional dismissal in order to permit the IRS to audit the amended Forms 990 to determine whether the late filing penalties should be adjusted.[9] The IRS subsequently conducted an audit of the available records. American Friends stated to the IRS that it was unable to produce records prior to 2000 due to the loss of records en route to Chicago. American Friends further stated that it had fired Kogan for cause in August 2003, and that she had refused to provide American Friends with any information or records in her possession.

---

[9]The stipulation provided that if American Friends disagreed with the results of the IRS's audit of the amended Forms 990, it could file a notice to reopen the case.

On January 10, 2008, the IRS issued a letter determining
that the amended returns would not be accepted, and any late
filing penalties would be assessed based on the returns as
originally filed. *See* Govt. Ex. 5. The letter noted that American
Friends had not produced any records to substantiate the claim
that certain payments to the organization were tuition payments,
nor had it produced any correspondence, documentation, or
contractual agreements between American Friends and Yeshivat Ohr
Yerushalayim regarding the collection and processing of tuition
payments. *Id*. As a result, the amended returns could not be
accepted as accurate. *Id*.

Pursuant to the terms of the stipulation, American Friends
filed a notice to reopen the case on February 8, 2008. Discovery
was reopened and the parties engaged in unsuccessful settlement
negotiations before Magistrate Judge Mann. The government then
filed the instant motion. In its opposition, American Friends
included a number of documents that it had not previously
produced. After a hearing, Magistrate Judge Mann ordered that
American Friends were precluded from relying on these additional
documents in their dispositive motion.[10]

---

[10]Accordingly, arguments made by American Friends that refer to or
depend upon these documents have not been considered for the purposes of this
motion.

## DISCUSSION[11]

American Friends acknowledges that it failed to timely file its Forms 990, but challenges the assessment of penalties against it on two grounds. First, it argues that it had reasonable cause for filing late returns, because all of its financial records had been lost during the move to Chicago. Second, it argues that even if it must pay penalties, it should be assessed at a lower level than the one triggered at the $1,000,000 income threshold.

The government argues that the appeals officer did not abuse his discretion when he found that American Friends should be assessed late penalties, and further argues that the issue of whether the American Friends' income was overstated on the Forms 990 is not an issue to be determined by this Court, because the Court can only consider issues that were raised during the Collection Due Process hearing prior to the commencement of the action.

---

[11]The applicable statutes do not make clear whether District Courts have jurisdiction to hear tax appeals. Title 26 of section 6330 to the United States Code states, with regard to judicial review, that a person may appeal a determination by IRS Appeals "to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d); *see also* 26 C.F.R. § 301.6330-1(f)(2) ("The taxpayer may appeal such determinations made by Appeals within the 30-day period commencing the day after the date of the Notice of Determination to the Tax Court.") However, several district courts have assumed that § 6330(d) grants a District Court jurisdiction to affirm a notice of determination concerning a collection action. *See, e.g., Pelliccio v. United States*, 253 F. Supp. 2d 258, 262 (D. Conn. 2003); *Olsen v. United States*, 326 F. Supp. 2d 184, 187 (D. Mass. 2004) (*aff'd Olsen v. United States*, 414 F.3d 144, 150 (1st Cir. 2005)); *AJP Mgmt., Inc. v. United States*, 2000 U.S. Dist. LEXIS 20154 (C.D. Ca. 2000). Neither party has raised this issue. Following the practice of other district courts, and noting that the First Circuit in *Olsen* did not identify a jurisdictional bar to the District Court's decision below, I conclude that the statutory language confers jurisdiction on District Courts to hear these appeals.

## I. Standard of Review

Nothing in section 6330 addresses the standard of review that a federal court must exercise in reviewing an IRS decision. *See MRCA Info. Servs. v. United States*, 145 F. Supp. 2d 194, 198 (D. Conn. 2000). According to caselaw, "where the validity of the tax liability was properly at issue in the [collection due process] hearing... the amount of tax liability... will be reviewed by the appropriate court on a *de novo* basis." *Id.* at 199. However, where the amount of the underlying tax liability was not at issue at the hearing, a court reviews the decision of the IRS officer for abuse of discretion. *Olsen v. United States*, 414 F.3d 144, 150 (1st Cir. 2005) (citing H. Rep. No. 105-599 at 266 (1998) ("the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using an abuse of discretion standard of review.")); *see also Living Care Alternatives of Utica, Inc. v. United States, IRS*, 411 F.3d 621, 625 (6th Cir. 2005) (in providing for CDP hearings on what is ordinarily a scant record, Congress "must have been contemplating a more deferential review of these tax appeals than of more formal agency decisions.").

In this case, the issue of tax liability was not before the appeals officer. Instead, plaintiff challenged the assessment of penalties for late filing. I review the decision for abuse of

discretion.

## II. Plaintiff's Claims of Error

## A. Review of IRS Determination that American Friends Should be Penalized

A failure to file a tax return on the date prescribed makes a taxpayer subject to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. 26 U.S.C. § 6651(a)(1); *see also* 26 C.F.R. § 301.6652-1(f). Addressing the application of this section, the Supreme Court has established that the taxpayer bears a "heavy burden" in making this showing. *United States v. Boyle*, 469 U.S. 241, 245; 105 S. Ct. 687; 83 L. Ed. 2d 622 (1985); *see also Fran Corp. v. United States*, 164 F.3d 814, 816 (2d Cir. 1999). "Wilful neglect" is "a conscious, intentional failure or reckless indifference." *Id*. The *Boyle* Court noted that "Congress obviously intended to make absence of fault a prerequisite to avoidance of" penalties under this standard. *Id*. at 246 n. 4. "Reasonable cause" for the purposes of § 6651(a)(1) is defined in Treasury regulations as follows: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause." 26 C.F.R. § 301.6651-1(c)(1). The destruction of records has been cited by the Second Circuit as a circumstance

constituting a "reasonable cause." *McMahan v. Commissioner*, 114
F.3d 366, 369 (2d Cir. 1997) (listening several circumstances).

American Friends argues that it was unable to timely file
its Form 990 for the year ending June 30, 2000 because its
records were lost or destroyed in the move from New York to
Chicago, which fact was presented in the submission to the
Collection Due Process hearing. This argument lacks merit. The
information before the IRS appeals officer, made up of
submissions by accountant Strauss, indicated that Fishman was
responsible for the 1996 and 1997 late returns and for the 2000,
2001, and 2002 late returns. Accountant Strauss represented in
his submissions to the IRS that the loss of the files during the
move to Chicago was Fishman's fault, and that Fishman was also
responsible for the late filings in 1996 and 1997.[12] Based on
this information, the appeals officer reasonably drew the
conclusion that American Friends did not have reasonable cause
for its failure to file and also had not established that the
failure was not due to willful neglect of its obligations. There
was no abuse of discretion by the IRS Appeals Office.

Plaintiff's submissions to this Court supplementing the

---

[12]Furthermore, the Determination complied with statutory requirements
laid out in § 6330(c). The appeals officer verified that the requirements of
the applicable law and administrative procedures had been met, determined that
plaintiff was "recklessly indifferent" after considering the claims by
plaintiff presented to it, and determined that the need for efficient
collection of tax outweighed any concern by American Friends that the
collection action be no more intrusive than necessary. *See* 26 U.S.C. §
6330(c)(3) ("Basis for the determination).

information submitted at the tax hearing do not require a
different result. Plaintiff states in its answers to
interrogatories that Fishman sent 40 boxes to Chicago, 20 of
which were returned to Mrs. Fishman's home residence after Kogan
refused delivery. Mrs. Fishman returned from a trip some time
later to find the boxes waterlogged on her porch. Instead of
making any efforts to salvage the financial records, Mrs. Fishman
simply disposed of them. Having shown little regard for the
maintenance of its records, American Friends cannot now argue
that the loss of the documents constituted a "reasonable cause"
for American Friends' late filing. To accept such an argument
would be to ignore the intent of Congress "to make absence of
fault a prerequisite to avoidance of" penalties. *Boyle*, 469 U.S.
at 246 n.4. In all events, even if plaintiff bore no
responsibility for the loss of the documents, the delay of twenty
months from the date that the returns were due and when they were
filed was itself unreasonable.[13] Plaintiff's explanation that the
delay was caused by the bank's resistance to producing records is
unpersuasive in the absence of any showing by plaintiff
concerning its efforts to expedite the process.

**B. Review of IRS's Refusal to Modify Penalties Based on Amended**

---

[13]The return for the tax year ending in June, 2000, was due on November 15, 2000, but was not filed until August 25, 2002.

**Returns**

American Friends challenges the decision by the IRS to assess fines based on an income level of more than $1,000,000 in the years 2000, 2001, and 2002, on the ground that its income was wrongfully inflated by tuition payments that were destined for the Yeshivat and were not actually income for American Friends.

## 1. Whether the Issue is Reviewable by This Court

Federal review under section 6330 is limited to issues raised by the taxpayer at the Collection Due Process hearing. *See* 26 C.F.R. § 301.6330-1(f)(2); *see also Pelliccio v. United States*, 253 F. Supp. 2d 258, 262 (D. Conn. 2003). In this case, American Friends submitted a brief to the IRS stating that it had a good reason for the delay, due to the loss of its records in transit; the brief made no mention of the alleged overstatement of income. Accordingly, the government argues that the issue is not properly before this Court, because it was not raised in the hearing. Plaintiff argues that the Court has jurisdiction over the results of the IRS audit of the amended returns, because the stipulation signed in 2005 expressly provided that American Friends could file a notice to reopen the case if it disagreed with the audit, which would be pointless if this Court did not have the capacity to address challenges to the outcome of the audit. The language of the stipulation reads as follows:

> This case will be administratively closed in the Court,
> but the Court will retain jurisdiction over the
> Appellant's complaint. At the conclusion of the audit,
> if the Appellant disagrees with the results of the
> IRS's audit of the amended Forms 990, the Appellant may
> serve and file... a Notice to Reopen this case under
> the above-captioned case number.

Stipulation, So Ordered March 30, 2005.

In this case, the IRS took the perhaps unusual step of suspending its proceedings against a taxpayer in order to conduct a full review of the taxpayer's claim that it had overstated income on its Forms 990. In so doing, it agreed to consider the contention by American Friends that it should not have been assessed penalties in the high range, despite the fact that this issue was not raised at the hearing. It also agreed that the matter could be reopened in this Court if American Friends disagreed with the results of the audit. The IRS cannot now maintain that this Court is without power to review the results of the audit.

## 2. No Evidence that the Penalties are Inappropriate

Nevertheless, plaintiff's claim fails on the merits. In its letter regarding the rejection of the amended returns prepared by American Friends, the IRS stated that American Friends had failed to substantiate the changes made to its reported income. In particular, the IRS noted that American Friends did not produce records identifying who made payments, not did it produce

correspondence, documentation, or contractual agreements between American Friends and the Yeshivat for the collection and processing of tuition. Govt Ex. 5. In its papers in connection with this motion, American Friends relies on the fact that Kogan refused to provide records to American Friends in order to explain why it failed to substantiate the claims made in its amended Forms 990.[14] However, the unwillingness of Kogan to cooperate with American Friends is not substantial evidence of overstated income. Thus, the record provides no grounds upon which to alter penalties for late filing assessed by the IRS.

## CONCLUSION

For the reasons stated herein, the motion by the United States to affirm the Notice of Determination by the Internal Revenue Service is granted. The appeal by American Friends of the Determination is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge and to enter judgment in favor of defendant and dismissing the complaint.

SO ORDERED.

Dated:      Brooklyn, New York
            July 29, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge

---

[14]Additional arguments made by American Friends were stricken by order of the Magistrate Court in its order of June 9, 2009.